**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELLE SMOCK, an individual

Plaintiff,

vs.

Case No. 1:26-cv-
Hon.

DOUGLAS A. COLLINS, Secretary of Veterans Affairs,

Defendant.

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
9848 Portage Rd
Portage, MI 49002
P: 269-321-5008
F: 269-321-5009
wpiper@wpiperlaw.com
legal@wpiperlaw.com

---

## COMPLAINT

The plaintiff, Michelle Smock, by and through her attorney William F. Piper, PLC, for her Complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff Michelle Smock is a woman who was born in 1970, and she is currently 56-years-old.

2. The defendant Douglas A. Collins was the secretary of the Department of Veterans Affairs in November 2025 when Ms. Smock's employment was terminated by the defendant.

3. This lawsuit arises out of the plaintiff's employment by the Veterans Administration

Hospital in Battle Creek, Michigan, County of Calhoun, State of Michigan on November 8, 2025.

4. This lawsuit included disability and age discrimination and retaliation, which is unlawful under the Rehabilitation Act, 29 U.S.C. § 791 et seq, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

5. Jurisdiction arises under 28 U.S.C. § 1331, § 1337 and §1345.

## COMMON ALLEGATIONS

6. The plaintiff restates and realleges as though fully set forth herein paragraphs 1–5 of this complaint.

7. The Veterans Administration Medical Center in Battle Creek, Michigan, employed Ms. Smock for two tenures- from 1992 through 2006, and again from 2016-2025- when it terminated her employment by it.

8. The Veterans Administration Medical Center eventually promoted Ms. Smock to a Chief Nurse, Nurse IV, Chief Health Information Officer, a position she held when her employment was terminated effective November 8, 2025.

9. At all times during her employment by the defendant Ms. Smock did a good job for it.

10. On February 21, 2024 the defendant proposed a 14-day suspension against Ms. Smock relating to a Teams message she had sent to subordinate employees.

11. The proposed suspension was reduced to a written reprimand, which was issued on March 18, 2024.

12. Ms. Smock grieved the written reprimand, but the reprimand was upheld by the VISN Director. (no other recommendations on the grievance examiner's report were instituted). On October 23, 2024, Ms. Smock testified in a fellow employee's EEO claim that was based on hostile

work environment, sex, disability and reprisal.

13. On October 17, 2025 Ms. Smock informed her supervisor Ms. Kensler that she had been diagnosed with attention-deficit/hyperactivity disorder ("ADHD").

14. Ms. Smock also raised concerns about psychological safety and retaliation with her second-line supervisor, Ms. Watson, because she had been informed that in addition to Ms. Kensler's knowledge of her ADHD, Ms. Kensler also had a copy of her grievance.

15. On July 2, 2025, Ms. Kensler proposed a suspension of Ms. Smock based on alleged lack of candor concerning employees' reporting locations and regarding her communications with an employee Mr. Larson.

16. Ms. Smock vehemently opposed the proposed suspension, explaining why she had not been dishonest, but the defendant did not even interview her about her explanation.

17. The proposed suspension was rescinded on July 9, 2025 without explanation.

18. On or about July 21, 2025 Ms. Smock provided a letter from her medical care provider describing her ADHD-related limitations involving decision-making, time and schedule management, prioritization, focus, memory, and communication. The letter explained that stressful meetings and on-the-spot questions could delay her responses or could overwhelm her or both.

19. Ms. Smock requested reasonable accommodations, including additional time to complete tasks, written instructions and reminders, meeting summaries, Teams transcripts, and recording of meetings.

20. Ms. Smock filed a formal EEO complaint on August 4, 2025. It was accepted for investigation on October 3, 2025. She alleged, among other things, disability discrimination, failure to accommodate, age discrimination and retaliation.

21. The Veterans Administration approved interim accommodations on August 6, 2025. Ms. Smock turned the accommodations down, at the advice of the of RAC.

22. The Veterans Administration issued a proposed removal of Ms. Smock on October 14, 2025 for various charges, including:

A. Three lack-of-candor specifications, including two referenced in paragraph 15 above and one regarding a mammogram workshop in early July 2025;

B. Three failures to follow policy specifications involving overtime approvals; and

C. A reference to the 2024 grievance and an alleged pattern of dishonest behavior.

23. In the meantime Ms. Smock again requested accommodations, and the defendant provided most of the accommodations she had requested, but not all of them, in early November 2025.

24. Ms. Smock vehemently opposed the charges because they were untrue, were based on an incorrect interpretation of policies and procedures and were pretexts for discrimination.

25. Ms. Smock submitted her written reply to the proposed removal on October 28, 2025.

26. Ms. Martin signed the removal decision on November 3, 2025, and it became effective November 8, 2025.

27. The defendant replaced Ms. Smock with a non-disabled woman who was fourteen years younger than her.

28. The defendant treated Ms. Smock differently from an apparently non-disabled individual who was approximately 37-years-old and who had numerous AWOL incidents and had used a government vehicle for personal medical appointments. The defendant did not discipline that employee for those incidents.

29. Ms. Smock then filed a discrimination and retaliation EEO complaint regarding her

removal based on disability discrimination, age discrimination, retaliation, and failure to accommodate.

30. As a result of defendant's discriminatory and retaliatory conduct set forth above, the plaintiff suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life and other damages.

## **COUNT I — DISABILITY DISCRIMINATION**

31. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 30 of this Complaint.

32. The defendant terminated Ms. Smock's employment by it because of her ADHD disability.

33. The reasons the defendant gave for terminating Ms. Smock's employment were pretexts for disability discrimination.

34. Ms. Smock's disabilities were unrelated to her ability to do her job with reasonable accommodations.

35. As a result of the defendant's discrimination Ms. Smock has suffered and will continue to suffer the damages set forth above.

36. This claim arises under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, et. seq.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include equitable relief, including front pay; compensation for her loss of income past and future, compensation for her intangible damages past and future, and all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

## **COUNT II — RETALIATION**

37. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 36 of this complaint.

38. The defendant retaliated against Ms. Smock by terminating her employment by it because she had notified the defendant of her disability, had requested reasonable accommodations. had filed a EEO charges regarding failure to accommodate and discrimination and had testified for another employee to support that employee's EEO claim.

39. The reasons the defendant gave for terminating her employment by it were pretexts for retaliation.

40. The conduct above violates the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq.

41. As a result of aforementioned retaliation Ms. Smock has suffered and will continue to suffer the aforementioned damages.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include equitable relief, including front pay; compensation for her loss of income past and future; compensation for her intangible damages past and future, and all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

## COUNT III — AGE DISCRIMINATION

42. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 41 of this Complaint.

43. The defendant terminated Ms. Smock's employment because of her age.

44. The reasons given by the defendant for terminating Ms. Smock's employment were pretexts for discrimination.

45. As a result of the aforementioned discrimination Ms. Smock has suffered and will

continue to suffer the aforementioned damages.

46. This claim is actionable under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include appropriate equitable relief, including reinstatement or front pay, appropriate legal relief, including compensation for her loss of income and benefits, compensation for all intangible damages that she suffered in the past and that she will continue to suffer in the future; liquidated damages recoverable under 29 U.S.C. 626(b) and all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

Dated: November 11, 2026

WILLIAM F. PIPER, PLC

By: */s/ William F. Piper*
William F. Piper (P38636)
Attorney for Plaintiff